IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZINSSER CO., INC., | ) | CASE NO. 1:04CV 465 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | MAG. JUDGE VECCHIARELLI |
| v. | ) | COMPLAINT FOR |
| | ) | PATENT INFRINGEMENT |
| ROMAN DECORATING PRODUCTS, INC., | ) | |
| ROMAN HOLDINGS CORPORATION, | ) | |
| HYDE MANUFACTURING COMPANY, | ) | DEMAND FOR JURY TRIAL |
| and HYDE TOOLS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Zinsser Co., Inc. ("Zinsser") files this Complaint against Defendants Roman Decorating Products, Inc. ("Roman Decorating"), Roman Holdings Corporation ("Roman Holdings") (collectively "Roman Defendants"), Hyde Manufacturing Company ("Hyde Manufacturing"), and Hyde Tools, Inc., ("Hyde") (collectively "Hyde Defendants") (all four collectively "Defendants"), and hereby complains and avers as follows:

1.  This is an action for damages and injunctive relief to remedy patent infringement by Defendants of two utility patents assigned to and owned by Zinsser. The patented inventions at issue are wallpaper removal scoring tools.

## THE PARTIES

2. Plaintiff Zinsser Co., Inc. ("Zinsser") is a corporation existing under the laws of the State of New Jersey, with a principal place of business at 173 Belmont Street, Somerset, New Jersey 08875. Zinsser makes and sells paint specialty and decorating products, including wallcovering removal and surface preparation specialties, spackling and patching compounds, shellac-based clear finishes, stain-killing primer sealers, mildew-proof interior and exterior paints, and house cleaners and mildewcides. Zinsser was formerly named William Zinsser & Co., Inc., until adopting its current corporate name on October 12, 2001.

3. Defendant Roman Decorating Products, Inc. ("Roman Decorating") is, upon information and belief, a corporation existing under the laws of New Jersey with a principal place of business at 824 State Street, Calumet City, Illinois 60409. Upon information and belief, Roman Decorating is a wholly-owned subsidiary of Roman Holdings and Golden Harvest Home Decor is a division of Roman Decorating. Upon information and belief, Roman Decorating makes and sells wallcovering adhesives, primers and sundry. Roman Decorating regularly does business in Ohio, including selling its products in this judicial district.

4. Defendant Roman Holdings Corporation ("Roman Holdings") is, upon information and belief, a corporation existing under the laws of Delaware with a principal place of business at 824 State Street, Calumet City, Illinois 60409. Upon information and belief, Roman Decorating is a wholly-owned subsidiary of Roman Holdings and Golden Harvest Home Decor is a division of Roman Decorating. Upon information and belief, Roman Holdings through its wholly-owned subsidiary, Roman Decorating, makes and sells wallcovering adhesives, primers and sundry. Roman Holdings through its wholly-owned subsidiary, Roman Decorating, regularly does business in Ohio, including selling its products in this judicial district.

5. Defendant Hyde Manufacturing Company ("Hyde Manufacturing"), doing business as Hyde Tools, is, upon information and belief, a corporation existing under the laws of the State of Massachusetts with a principal place of business at 54 Eastford Road, Southbridge, Massachusetts 01550. Upon information and belief, Hyde Manufacturing makes and sells painter maintenance tools, wallcovering tools, drywall tools, and industrial hand and machine knives. Hyde Manufacturing regularly does business in Ohio, including selling its products in this judicial district.

6. Defendant Hyde Tools, Inc. ("Hyde"), doing business as Hyde Tools, is, upon information and belief, a corporation existing under the laws of the State of Massachusetts with a principal place of business at 54 Eastford Road, Southbridge, Massachusetts 01550. Upon information and belief, Hyde makes and sells painter maintenance tools, wallcovering tools, drywall tools, and industrial hand and machine knives. Hyde regularly does business in Ohio, including selling its products in this judicial district.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of Title 35 U.S.C. Sections 271 and 281 and Title 28 U.S.C. Sections 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendants pursuant to the provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382, and the laws of the United States based on the following: Defendants have offered for sale, sold, or shipped products that infringe United States Letters Patent Nos. 4,502,223 and 5,074,045 as alleged hereafter, into the Northern District of Ohio. Upon information and belief, Defendants maintain an established distribution network for offering for sale, selling and shipping into the Northern District of Ohio the

infringing products as well as a substantial amount of other products manufactured and sold by Defendants. Defendants' infringement in the Northern District of Ohio and elsewhere has tortiously injured Plaintiff Zinsser in the Northern District of Ohio, and Defendants (a) upon information and belief, are selling and/or have sold in this judicial district products which infringe one or more of the claims of United States Letters Patent Nos. 4,502,223 and 5,074,045; (b) upon information and belief, regularly solicit business on this state and in this judicial district; (c) upon information and belief, engage in a persistent course of conduct by conducting business in this state and judicial district; and (d) upon information and belief, derive substantial revenue from goods used or consumed in this state and in this judicial district.

9. Venue is proper in this judicial district pursuant to Title 28 U.S.C. Sections 1391 and 1400(b).

## CAUSE OF ACTION

10. On March 5, 1985, United States Letters Patent No. 4,502,223 for "HAND TOOL WITH TOOTHED ROTORS FOR DISLODGING MATERIAL FROM A SURFACE" ("the '223 Patent") was duly and legally issued naming Peter A. M. Brookfield as inventor. A true and correct copy of the '223 Patent is attached hereto as Exhibit A.

11  The '223 Patent was assigned by the inventor to Zinsser, under its former corporate name William Zinsser & Co., Inc., as of December 6, 1997, from which date until the expiration of the '223 Patent on October 19, 2002, Zinsser was the sole owner of the '223 Patent. Attached as Exhibit B is a true and correct copy of a printout from the Derwent database reflecting the recordation with the U.S. Patent and Trademark Office ("P.T.O.") of the assignment that transferred the rights in the '223 Patent to Zinsser.

12  On December 24, 1991, United States Letters Patent No. 5,074,045 for "TOOL" ("the '045 Patent") was duly and legally issued naming Peter A. M. Brookfield as inventor. A true and correct copy of the '045 Patent is attached hereto as Exhibit C.

13  The '045 Patent is assigned on its face to Paper Tiger Systems Limited of Auckland, New Zealand ("PTS"). The '045 Patent was assigned by PTS to Zinsser, under its former corporate name William Zinsser & Co., Inc., as of December 12, 1997, from which time Zinsser has been and continues to be the sole owner of the '045 Patent. Attached as Exhibit D is a true and correct copy of a printout from the Derwent database reflecting the recordation with the U.S. Patent and Trademark Office ("P.T.O.") of the assignment that transferred the rights in the '045 Patent to Zinsser.

14  Upon information and belief, since before the expiration of the '223 Patent and until its expiration, the Roman Defendants infringed the '223 Patent by making, using, selling, or offering for sale The Wall Claw™ wallpaper removal scoring tool in the United States, including in this judicial district, or induced others to do the same, in violation of the United States patent laws. The Wall Claw™ wallpaper removal scoring tool infringes the '223 Patent. The Roman Defendants have shipped The Wall Claw™ wallpaper removal scoring tool into this district.

15.  Upon information and belief, since before the expiration of the '223 Patent and until its expiration, the Hyde Defendants infringed the '223 Patent by making, using, selling, or offering for sale The Wall Claw™ wallpaper removal scoring tool in the United States, including in this judicial district, or induced others to do the same, in violation of the United States patent laws. The Wall Claw™ wallpaper removal scoring tool infringes the '223 Patent. Upon information and belief, the Hyde Defendants manufacture The Wall Claw™ wallpaper removal scoring tool and sell it to the Roman Defendants.

16. Upon information and belief, the Roman Defendants have been and continue to infringe the '045 Patent by making, using, selling, or offering for sale The Wall Claw™ wallpaper removal scoring tool in the United States, including in this judicial district, or induced others to do the same, in violation of the United States patent laws. The Wall Claw™ wallpaper removal scoring tool infringes the '045 Patent. The Roman Defendants have shipped The Wall Claw™ wallpaper removal scoring tool into this district.

17. Upon information and belief, the Hyde Defendants have been and continue to infringe the '045 Patent by making, using, selling, or offering for sale The Wall Claw™ wallpaper removal scoring tool in the United States, including in this judicial district, or induced others to do the same, in violation of the United States patent laws. The Wall Claw™ wallpaper removal scoring tool infringes the '045 Patent. Upon information and belief, the Hyde Defendants manufacture The Wall Claw™ wallpaper removal scoring tool and sell it to the Roman Defendants.

18. Upon information and belief, Defendants' acts of infringement have been willful, wanton, and deliberate, without license, and with full knowledge and awareness of Plaintiff's patent rights.

19. The harm to Plaintiff Zinsser within this judicial district and elsewhere in the United States resulting from the acts of infringement of the '045 Patent by the Defendants set forth above, is irreparable, continuing, and not fully compensable by money damages.

20. Upon information and belief, the Defendants have profited and will continue to profit by their infringing activities. Plaintiff Zinsser has been damaged by the Defendants' infringing activities. The amount of monetary damages which Plaintiff Zinsser has suffered by the acts of the Defendants set forth above cannot be determined without an accounting.

officers, directors, employees, agents, licensees, servants, successors, and

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zinsser prays:

(a) for a judgment that Zinsser owns the '223 Patent and the '045 Patent;

(b) for a judgment that the '223 Patent was, until its expiration, valid and enforceable and that the '045 Patent is valid and enforceable;

(c) for a judgment that Defendants have infringed the '223 Patent and the '045 Patent;

(d) for a permanent and preliminary injunction against further infringement of the '045 Patent by Defendant Roman Decorating Products, Inc., its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, either directly or by inducing others to infringe;

(e) for a permanent and preliminary injunction against further infringement of the '045 Patent by Defendant Roman Holdings Corporation, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, either directly or by inducing others to infringe;

(f) for a permanent and preliminary injunction against further infringement of the '045 Patent by Defendant Hyde Manufacturing Company, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, either directly or by inducing others to infringe;

(g) for a permanent and preliminary injunction against further infringement of the '045 Patent by Defendant Hyde Tools, Inc., its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting in privity with them, either directly or by inducing others to infringe;

(h) for an order that Defendants destroy all tooling used to make the infringing products;

(i) for an accounting to establish Zinsser's damages and for judgment against the Defendants awarding this damage amount;

(j) for a judgment that Defendants' infringement is willful and that the award of damages be increased three times the amount assessed under 35 U.S.C. § 284;

(k) for an assessment of costs against the Defendants;

(l) for a finding that this action is exceptional and for an award to Zinsser of its reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285; and

  (m) for such other and further relief as may be just and appropriate.

Respectfully submitted,

Dated: 3/8/04

By: _____
JOHN S. CIPOLLA (0043614)
jcipolla@calfee.com
S. PAIGE CHRISTOPHER (0066081)
pchristopher@calfee.com
JENNIFER B. WICK (0074340)
jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200 Fax: (216) 241-0816
Attorneys for Plaintiff Zinsser Co., Inc.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38.1 of the Local Rules of this Court, Plaintiff Zinsser Co., Inc. hereby demands a jury trial.

Respectfully submitted,

Dated: 3/8/04

By: _____
JOHN S. CIPOLLA (0043614)
jcipolla@calfee.com
S. PAIGE CHRISTOPHER (0066081)
pchristopher@calfee.com
JENNIFER B. WICK (0074340)
jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200 Fax: (216) 241-0816
Attorneys for Plaintiff Zinsser Co., Inc.